Filed 6/13/13  P. v. Anderson CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C072955 |
| Plaintiff and Respondent, | (Super. Ct. No. 12F7547) |
| v. | |
| JUSTIN WAYNE ANDERSON, | |
| Defendant and Appellant. | |

Defendant Justin Wayne Anderson pleaded guilty to assault with force likely to cause great bodily injury and admitted a prior strike in exchange for a stipulated sentence of four years in state prison.  Defendant's ensuing appeal is subject to the principles of *People v. Wende* (1979) 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106, 110. In accordance with the latter, we will provide a summary of the offenses and the proceedings in the trial court.

1

On November 9, 2012, an information was filed accusing defendant of assault with force likely to cause great bodily injury (Pen. Code, § 245, subd. (a)(4)—count 1) and battery with serious bodily injury (*id*., § 243, subd. (d)—count 2.) As to count 1, it was alleged that defendant personally inflicted great bodily injury on the victim (*id*., former § 12022.7). It was also alleged that defendant had one strike (Pen. Code, § 1170.12) and one prior felony conviction (*id*., § 667.5, subd. (b)), both arising out of a 2008 Texas conviction for "burglary of habitation" (Tex. Pen. Code Ann. § 30.02(c)(2)).

On November 19, 2012, defendant pleaded guilty to count 1 and admitted the strike, in return for the dismissal of the remaining count and allegations and a stipulated four-year state prison term (the two-year low term on count 1, doubled for the strike). The trial court awarded defendant 60 days of presentence custody credit (30 actual days and 30 conduct days). The court imposed a $480 restitution fine (Pen. Code, § 1202.4, subd. (b)), a suspended $480 restitution fine (*id*., § 1202.45), a $30 criminal conviction fee (Gov. Code, § 70373), and a $40 court operations fee (Pen. Code, § 1465.8, subd. (a)(1)). The court also ordered victim restitution in an amount to be determined.

According to the preliminary hearing, to which counsel stipulated as the factual basis for the plea, on October 21, 2012, defendant engaged in a verbal altercation with three other persons in the bathroom of Johnny's Cathouse and Bar in Redding. Defendant stated loudly that he was from Texas; someone else replied, "Fuck Texas." Defendant struck the victim in the face. The victim fell to the ground and lost consciousness. Defendant then got on top of him and hit him repeatedly in the face. The victim suffered lacerations and abrasions on one entire side of his face; his left eye was swollen shut, and his lower lip was swollen and bleeding profusely.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*,

25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days have elapsed, and we have received no communication from defendant.  Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.


                                 BUTZ                , J.


We concur:


        RAYE        , P. J.


        HULL        , J.